**HARRIS ENTERPRISES, INC., Ira Adler, Frank Billitz, Harry Miniatis, Defendants Below, Appellants,**

v.

**The STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 11, 1979.

Decided Oct. 24, 1979.

Charles J. Kennedy of Kennedy & Swierzbinski, Wilmington, for defendants below, appellants.

\* 11 *Del.C.* § 1361 provides in part:

"A person is guilty of obscenity when he knowingly or recklessly:

Robert B. Anderson, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

The defendants, Harris Enterprises, Inc., et al., appeal their Superior Court convictions for selling obscene materials in violation of 11 *Del.C.* § 1361.\* Prior to trial, defense counsel submitted 15 proposed voir dire questions. The Trial Court asked questions 1 and 15 in modified form, but declined to ask questions 2 through 14. At trial, the state introduced the alleged obscene materials, but offered no expert testimony regarding the prurient appeal of the material. The defendants urge reversal of their convictions on the grounds that; (1) they were denied a fair trial because of an impermissible limitation on the voir dire examination, (2) the State failed to produce the expert testimony necessary to prove appeal to the prurient interest of a deviant sexual minority, (3) 11 *Del.C.* §§ 1361 and 1362 must be construed together to create the defense of sale to a consenting adult, and (4) 11 *Del.C.* § 1361 was repealed prior to the defendants' trial precluding their convictions. For the reasons below, we affirm.

I

"Clearly there is no right in a criminal defendant to propound all voir dire questions to a jury such as he, in his judgment, deems appropriate. Rather the scope of voir dire examination lies in the broad discretion of the Trial Judge, and is subject to review only for abuse of that discretion. Essential fairness is the standard. The sole purpose of voir dire examination . . . is to enable the Judge to determine whether a prospective juror is qualified and able to render an impartial verdict." *Jacobs v. State,*

(1) Sells, delivers or provides, or offers or agrees to sell, deliver or provide, any obscene picture, writing, record or other representation or embodiment of the obscene."

Del.Supr., 358 A.2d 725, 728 (1976) (citations omitted). See Superior Court Criminal Rule 24.

■ Any questions going beyond this purpose are irrelevant and are properly excluded. *Parson v. State*, Del.Supr., 275 A.2d 777 (1971). After reviewing the record, we are of the opinion that the proposed questions, which were refused, were an attempt to ascertain the advance reactions of the jurors to the issues at trial and were properly excluded from the examination.

## II

■ The defendants assert that the materials in question were aimed at a group that is so abnormal that it was impossible for the jury to determine whether they appealed to the prurient interest without the aid of expert testimony. While the test of obscenity in *Roth v. United States*, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), was modified in *Mishkin v. New York*, 383 U.S. 502, 86 S.Ct. 958, 16 L.Ed.2d 56 (1966), to include materials designed to appeal to the prurient interest of a deviant group, the Supreme Court did not hold that expert testimony was required on that issue. *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). See *Raymond Heartless, Inc. v. State*, Del.Supr., 401 A.2d 921 (1979) (discussing the current test of obscenity). In fact, it has consistently held the contrary. *Hamling v. United States*, supra; *Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973). This Court has held that unless the materials are "so unusually bizarre or arcane as to transcend the realm of the jury's experience . . ." expert testimony is unnecessary and the materials themselves are a sufficient, indeed the best, basis for the determination of their prurient appeal. *Gotleib v. State*, Del.Supr., 406 A.2d 270, 278 (1979). After reviewing the materials, we hold that expert testimony was not necessary on the issue of prurient appeal.

## III

■ The defendants argue that §§ 1361 and 1362 must be construed as creating a defense of dissemination to a consenting adult. 11 *Del.C.* § 1362 provides: "In any prosecution for obscenity it is an affirmative defense that dissemination was restricted to: . . . Noncommercial dissemination to personal associates of the accused who are known by the accused not to object to the receipt of such material." Essentially, the defendants assert that because there is no basis for the distinction between commercial and noncommercial dissemination, the distinction must be abandoned in favor of a broad exemption to the obscenity statute. In *Gotleib v. State*, supra, we held that the commercial-noncommercial distinction was legitimate and constitutional. Thus, we reject both the premise and conclusion of the defendants' assertion, and hold that consent of the purchaser is not a defense to a charge of commercial dissemination of obscene materials.

## IV

■ We turn now to the defendants' final argument. They assert that when § 1361 was repealed prior to their convictions, the Superior Court was deprived of subject matter jurisdiction. We disagree. Section 1361 was amended to add increased penalties for second offenders. The material provisions of the old § 1361 were reenacted in the amendment. Consequently, those provisions are deemed to have been in continuous operation. 1A Sutherland Statutory Construction § 22.33, pg. 191 (1972). We hold that the fact that the old section was repealed when the new section was enacted is of no consequence to this case; because the provisions of the old section, under which the defendants were indicted, tried and convicted, were contemporaneously reenacted in all material respects.

\*   \*   \*   \*   \*   \*

AFFIRMED.